UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMED ELSHAMY,

                   Plaintiff,

       -against-

CABLE NEWS NETWORK,

                   Defendant.

21-CV-8004 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and 42 U.S.C. § 1981. He alleges that his former employer discriminated and retaliated against him based on his race, color, religion, and national origin. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of Georgia.

## DISCUSSION

A Title VII claim must be asserted in:

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such [a claim] may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Claims under § 1981 are governed by the general venue provision, 28 U.S.C. § 1391(b), which provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled.28 U.S.C. 1391(c)(1). And an entity that is not a person, "whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. 1391(c)(2).

Plaintiff does not allege facts suggesting that venue for his employment discrimination claims is appropriate in this Court. According to the complaint, Plaintiff was employed by the Defendant Cable News Network (CNN) in Atlanta, Georgia. Although Plaintiff asserts that he now resides in Queens County, New York, he does not allege that the unlawful employment practices occurred in New York, that the relevant employment records are maintained or administered in New York, or that he would have worked in New York but for the unlawful employment practices. *See* 42 U.S.C. § 2000e-5(f)(3). Nor does Plaintiff allege that Defendant resides in this State, or that a substantial part of the events or omissions giving rise to the claim occurred in New York. Accordingly, this Court does not appear to be a proper venue for Plaintiff's claims.

When a plaintiff brings an action in a district where venue is improper, the Court must either dismiss the action or transfer it to a district court where venue is proper. *See* 28 U.S.C. § 1406(a); *Atl. Marine Constr. Co., Inc. v. U.S. D. Co. for the W. Dist. of Tex.*, 134 S. Ct. 568, 578 (2013). Plaintiff's claims arose in Atlanta, Georgia, which is where he was employed, and where Defendant has its principal office. Atlanta, Georgia is in Fulton County, which is located within the Northern District of Georgia. *See* 28 U.S.C. § 90(a). Accordingly, venue lies in the Northern District of Georgia, 28 U.S.C. § 1391(b)(2), and the Court transfers this action to the United States District Court for the Northern District of Georgia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   September 30, 2021
         New York, New York

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge